UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

J.G. WENTWORTH ORIGINATIONS, LLC and
BRANINE JACKSON,

                               Petitioners,

-against-

FIRST SYMETRA NATIONAL LIFE
INSURANCE COMPANY OF NEW YORK and
SYMETRA ASSIGNED BENEFITS SERVICE
COMPANY,

                               Respondents.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __11/2/2023__

23 Civ. 3230 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      The Court has reviewed Petitioners' submissions in support of their request for an order permitting the application for the transfer of structured settlements to proceed in Pennsylvania state court. Pet., ECF No. 7; Aff., ECF No. 4. Petitioner Branine Jackson received a structured settlement to resolve a personal injury action before this Court. *See* Stipulation of Settlement, *Clark v. Fischer*, No. 10 Civ. 7306 (S.D.N.Y. Nov. 21, 2011), ECF No. 25. Jackson now wishes to transfer a portion of her structured settlement annuity to Petitioner J.G. Wentworth Originations, LLC. Pet. ¶ 2. Petitioners argue that the Court does not have "to determine whether this transfer is in the best interests of the annuitant, Branine Jackson, nor whether it is fair or reasonable" and need only determine that the transfer "would not contravene the terms" of the settlement entered in the underlying case. Pet. ¶¶ 5, 10 (citing 40 P.S. § 4003(a)(5)(i)(B)).

      The Court disagrees. Under 40 P.S. § 4003, if a transfer of structured settlement rights "would contravene the terms of the structured settlement," "the transfer [must be] expressly approved in writing" by "any court or responsible administrative authority that previously approved the structured settlement"—i.e., this Court. 40 P.S. § 4003(a)(5)(i)(B). Petitioners concede that the transfer would contravene the terms of the settlement insofar as "payments will now be paid to J.G. Wentworth Originations, LLC when they come due, rather than Branine Jackson." Pet. ¶ 5. Accordingly, by the statute's plain text, the Court must "expressly approve[]" the transfer itself—not merely authorize the transfer proceedings to go forward in Pennsylvania state court. See *J.G. Wentworth Originations, LLC v. Ruiz*, 997 N.Y.S.2d 669 (Sup. Ct. 2014).

      Moreover, under New York law, a court cannot approve a transfer before first inspecting the merits of Petitioners' transfer application, including whether the transfer is in the best interests of Jackson and her dependents and whether the transfer is fair and reasonable. N.Y. Gen. Obl. L. § 5-1706(b); *see In re Am. Dredging Co.*, Civ. A. No. 89-1549, 2011 WL 4971829, at *4 (E.D. Pa. Oct. 18, 2011) (examining, after an evidentiary hearing, whether a transfer was in the best interests of petitioner and her dependents); *Israel v. City of New York*, No. 98 Civ. 124, ECF No. 36 (S.D.N.Y. Mar. 27, 2014) (ordering an evidentiary hearing to determine whether a transfer of future structured settlement payments was "fair and reasonable" and in the best interests of the payee).

      Accordingly, the hearing scheduled for November 9, 2023 is ADJOURNED to **November 21, 2023** at **2:20 p.m**.  The hearing will take place at the U.S. Courthouse at 500 Pearl Street, New York, New York, in Courtroom 15D.  Ms. Jackson shall participate in the hearing, although she is permitted to attend remotely if she so chooses.  *See* N.Y. Gen. Oblig. L. § 5-1705(e) ("the payee shall attend" the hearing "unless attendance is excused for good cause").  J.G. Wentworth shall be prepared to explain why the proposed transfer meets the requirements of N.Y. General Obligation Law § 5-1706(b).  By **November 15, 2023**, Petitioners shall file written submissions regarding the issues outlined in this order.

      SO ORDERED.

Dated: November 2, 2023
       New York, New York

ANALISA TORRES
United States District Judge